# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CHARLES CONARD, )
)
        Plaintiff, )
)
v. ) No. CIV 16-342-RAW-SPS
)
MUSKOGEE COUNTY JAIL, et al., )
)
        Defendants. )

## OPINION AND ORDER

Plaintiff, an inmate of the Muskogee County Jail, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on August 8, 2016 (Dkt. 1). The Court must review each complaint brought by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court then must dismiss any portion of the complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). For the reasons discussed below, Plaintiff will be required to file a proper amended complaint.

**Improper Defendants**

The caption of the complaint names as defendants the Muskogee County Jail and "Kitchen Dept. / Nutrition /Medical" (Dkt. 1 at 1). The body of the complaint, however, does not include these defendants and names instead Ms. Marshal[1] and Fontella Brown. *Id.* at 2-3.

Defendant Muskogee County Jail is not a suable entity. Therefore, it may not be named as a defendant in the amended complaint. *See Hinton v. Dennis*, No. 09-5130, 362 Fed. Appx. 904, 2010 WL 257286 (10th Cir. Jan. 25, 2010) ("[T]he Creek County Criminal Justice Center is not a suable entity under § 1983."); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (unpublished op.) (affirming dismissal

---

[1] Ms. Marshal is named twice in the body of the complaint (Dkt. 1 at 2-3).

of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"). Furthermore, Defendant "Kitchen Dept. / Nutrition /Medical," listed in the caption of the complaint, also is not a suable entity. The amended complaint must name persons or a legally created entity that is capable of being sued. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985).

**Amended Complaint**

Plaintiff is directed to file a proper amended complaint on the Court's form within twenty-one (21) days. He must list all the defendants in both the caption of the amended complaint and in the body of the amended complaint. The amended complaint must include all defendants, all claims, and all supporting material to be considered by the Court, and it may not reference or attempt to incorporate material from the original complaint. *See* Local Civil Rule 9.2(c). The amended complaint may not include defendants or claims that are dismissed by this Order. The Court Clerk is directed to send Plaintiff the Court's form and instructions for filing a proper amended complaint, along with a copy of Local Civil Rule 9.2. Failure to comply with this Order may result in dismissal of this action.

**ACCORDINGLY,** Defendant Muskogee County Jail and Defendant Kitchen Dept. / Nutrition / Medical are dismissed from this action for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff must file a proper amended complaint in compliance with this Order within twenty-one (21) days. Failure to comply with this Order will result in dismissal of this action.

**IT IS SO ORDERED** this 10th day of August 2016.

**Dated this 10th day of August, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma